```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

LENO W. GEE,

        Petitioner,

**DECISION AND ORDER
No. 09-CV-0606T**

-vs-

DALE ARTUS, SUPERINTENDENT,
CLINTON CORRECTIONAL FACILITY

        Respondent.

_____

## I. Introduction

*Pro se* Petitioner Leno W. Gee ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered February 9, 2006, in New York State, County Court, Monroe County (Richard A. Keenan, J.), convicting him, after a jury trial, of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15[4]).  Petitioner was sentenced as a second violent felony offender to a determinate sentence of fifteen years imprisonment, with five years post release supervision.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

The charges arise from an incident that occurred on May 11, 2005, wherein Petitioner approached James Burnette ("Burnette" or "the victim") as he was working in a construction yard in the City

of Rochester and robbed Burnette of money by threatening him with a gun that he displayed from inside a bag.

Petitioner was apprehended on May 17, 2005 after the victim's ex-wife, who had witnessed the end of the robbery, observed Petitioner in the same vicinity where the robbery had occurred and called 911. Trial Trans. [T.T.] 289-306, 338-342. After Petitioner was apprehended, the victim and the victim's wife identified Petitioner to police as the individual who had robbed Burnette the week before. Hr'g Mins. [H.M.] of 11/21/05 65-68, 107-112.

On May 17, 2005, Petitioner was indicted and charged with Robbery in the First Degree. See Resp't App. B at 4.

Prior to trial, Petitioner moved to suppress identification evidence. Following the hearing on Petitioner's motion, the court determined that the identification procedure with respect to Burnette was unduly suggestive and ordered an independent source hearing "within the context of the upcoming trial." T.T. 10.

Following jury selection on December 12, 2005, the trial court explained the independent source hearing procedure to Petitioner and advised him that he had the right to attend the hearing, but that he could give up that right. The trial court instructed defense counsel to discuss the matter with Petitioner and advise the court the next morning before the hearing of Petitioner's decision. T.T. 220-221.

The following day, before the independent source hearing commenced, defense counsel indicated that Petitioner was waiving his right to be present at the hearing. The trial court noted that counsel had discussed the waiver with Petitioner the day before, and that Petitioner was legally entitled to waive his presence. The hearing then commenced, at the close of which the court found that Burnette had an independent basis for identifying Petitioner and permitted Burnette to identify Petitioner at trial. T.T. 223, 261, 292.

At the close of Petitioner's trial, he was found guilty as charged. T.T. 458. He was subsequently sentenced as a second violent felony offender to a determinate sentence of fifteen years imprisonment, with five years post release supervision. Sentencing Mins. [S.M.] 7, 16.

On November 14, 2008, the Appellate Division, Fourth Department ("Fourth Department") unanimously affirmed Petitioner's judgment of conviction, and leave to appeal was denied. People v. Gee, 56 A.D.3d 1205 (4th Dep't 2008) (Resp't App. E), lv. denied, 12 N.Y.3d 758 (2009) (Resp't App. H).

No collateral motions were brought by Petitioner.

This habeas corpus petition followed, wherein Petitioner seeks relief on three grounds, as set forth in detail below. See Pet. ¶ 22 A-C (Dkt. No. 1); Resp. (Dkt. No. 10).[1]

---

[1] On or about March 11, 2011, Petitioner filed a motion pursuant to Federal Rules of Civil Procedure Rules 7, 11, and 56, which is currently pending before this Court, on the basis "that the violation of [his] right to confront the main

**III. General Principles Applicable to Habeas Review**

    **A.**    **The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan

---

witness against him was not waived in accordance to Supreme Court procedure." Dkt. No. 11 at 1. On May 11, 2011, Petitioner's case was transferred to the Hon. Michael A. Telesca, and Petitioner submitted a second motion pursuant to Federal Rules of Civil Procedure Rules 7, 10, and 56 "based on the recent [transfer] order." Dkt. No. 14. That motion is also currently pending before this Court. In light of the Court's dismissal of Petitioner's habeas corpus petition, the two pending motions pursuant to Federal Rules of Civil Procedure Rules 7, 10, and 56 (Dkt. Nos. 11 and 14) are denied as moot.

v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless

objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.     Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

**1.    Claims 1 and 3 are Meritless**

In grounds one and three of the petition, Petitioner appears to argue, as he did on direct appeal, that his constitutional right to be present at all material stages of his trial was violated when the independent source hearing was held without his being present. He appears to argue that this violated the Confrontation Clause and the Due Process Clause. Moreover, he contends that he was improperly excluded from the hearing, and that his presence was not validly waived.   See Pet. ¶ 22A, C; Resp. at 2-4.   On direct

appeal, the Fourth Department rejected Petitioner's claims on the merits.[2] Gee, 56 A.D.3d at 1205. As discussed below, this claim is meritless and provides no basis for habeas relief.

Pursuant to the confrontation clause of the Sixth Amendment, a defendant in a criminal action has the right to be present and to confront his accusers. See United States v. Gagnon, 470 U.S. 522, 526 (1985). This right has been extended, under the due process clauses of the Fifth and Fourteenth Amendments, to other critical stages of the trial. See id. While a criminal defendant has the right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings," Faretta v. California, 422 U.S. 806, 819 n.15 (1975) (citation omitted), the "right to be present is not absolute: it is triggered only when the defendant's 'presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" Cohen v. Senkowski, 290 F.3d 485, 489 (2d Cir. 2002) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)); see also Kentucky v. Stincer, 482 U.S. 730, 745 (1987). Thus, the constitutional right to be present at one's own trial must be

---

[2] The Fourth Department held as follows: "[Petitioner] contends that he did not validly waive his right to be present at the hearing on the issue whether the victim has an independent basis for his identification of [Petitioner]. We reject that contention. The record establishes that County Court informed [Petitioner] of his right to be present at the hearing and his ability to waive that right and suggested that [Petitioner] confer with defense counsel before deciding whether to waive the right to be present. The record further establishes that defense counsel informed the court prior to the commencement of the hearing that [Petitioner] had chosen to waive his right to be present, and we further infer from the absence of [Petitioner] at the hearing that he in fact waived his right to be present." Gee, 56 A.D.3d at 1205 (internal citations omitted).

recognized "at any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." Stincer, 482 U.S. at 745;  see also United States v. Peterson, 385 F.3d 127, 137 (2d Cir. 2004).

It is also clear that a defendant's right to be present may be expressly waived. See United States v. Fontanez, 878 F.2d 33, 36 (2d Cir. 1989).  Finally, any error in continuing the trial in a defendant's absence is reviewed as to whether the error created "any reasonable possibility of prejudice."  Id. at 37 (quoting United States v. Toliver, 541 F.2d 958, 965 (2d Cir. 1976)).  Thus, the right to be present is not guaranteed "when presence would be useless, or the benefit but a shadow." Stincer, 482 U.S. at 745 (quoting Snyder, 291 U.S. at 106-07).

To the extent Petitioner contends that the waiver of his right to be present at the independent source hearing was invalid because Petitioner's counsel (rather than Petitioner himself) waived the right on Petitioner's behalf, such a contention is meritless. See Pet. ¶ 22A, C; Resp. at 3.  As discussed above, a criminal defendant's right to be present may be waived. See Fontanez, 878 F.2d at 36.  This waiver may be made by defendant or, as it was in the case, by defense counsel on a defendant's behalf, so long as the waiver is knowing and voluntary. See Polizzi v. United States, 926 F.2d 1311, 1322-23 (2d Cir. 1991) ("Although it is certainly preferable that the waiver come from the defendant directly, there

-8-

is no constitutional requirement to that effect.") (citing United States v. Crutcher, 405 F.2d 239, 243 (2d Cir. 1968), cert. denied, 394 U.S. 908 (1969)); see also United States v. Doe, 964 F.2d 157, 159 (2d Cir. 1992) (a waiver by counsel of a defendant's right to be present during the proceedings was valid although made in the absence of the defendant); see e.g., Giles v. Kuhlmann, 98-CV-7368, *12-13 (E.D.N.Y. July 11, 2001); Persaud v. Mantello, 99-CV-1861 (NG), 2002 U.S. Dist. LEXIS 12079, *6-7 (E.D.N.Y. July 2, 2002); Moe v. Walker, 97 CIV. 4701 (DLC), 1998 U.S. Dist. LEXIS 19500, *7-8 (S.D.N.Y. Dec. 15, 1998). Petitioner is adamant that the state court's adjudication of this issue contravened clearly established Supreme Court law; however, he cites no such authority to support his position nor is this Court aware of any. The Supreme Court cases that Petitioner has cited throughout his moving papers -- some, if not all of which are factually and/or legally irrelevant to his case -- do not stand for the proposition that a waiver must be effectuated through the mouth of a defendant himself (rather than a defendant's attorney on the defendant's behalf) in order to be valid. To this extent, the Court cannot find that the state court's adjudication of his claim was contrary to or an unreasonable application of settled Supreme Court law.

Similarly, this Court cannot find that the state court's factual determination -- i.e., that Petitioner waived his presence at the hearing -- was an unreasonable determination in light of the evidence in the record. This Court, sitting in habeas review,

accords the factual finding of the state court a presumption of correctness, 28 U.S.C. § 2254(e)(1), which Petitioner may rebut only with clear and convincing evidence to the contrary. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.") (citations omitted)). Petitioner has failed to proffer such evidence here, and the Court finds no basis to disturb the findings of the state court.

The record reflects that the day before the pre-trial hearing, the trial court advised Petitioner that he had the option to either attend or not attend the hearing, and recommended that Petitioner discuss this matter with his attorney. T.T. 220-221. The following day, before the hearing began, counsel informed the court that Petitioner was waiving his presence at the hearing. T.T. 223. After the hearing was conducted, Petitioner was brought into court and the trial proceeded without protest or objection by Petitioner. T.T. 262-263. There is nothing in the record that suggests that Petitioner wished to be present at the hearing and/or that he was in some way prevented from doing so. To this extent, the Court rejects Petitioner's claim that he was improperly excluded from the hearing despite his desire to participate.

In any event, and perhaps most importantly, Petitioner has not demonstrated that his absence from the proceedings affected the

accords the factual finding of the state court a presumption of correctness, 28 U.S.C. § 2254(e)(1), which Petitioner may rebut only with clear and convincing evidence to the contrary. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.") (citations omitted)). Petitioner has failed to proffer such evidence here, and the Court finds no basis to disturb the findings of the state court.

The record reflects that the day before the pre-trial hearing, the trial court advised Petitioner that he had the option to either attend or not attend the hearing, and recommended that Petitioner discuss this matter with his attorney. T.T. 220-221. The following day, before the hearing began, counsel informed the court that Petitioner was waiving his presence at the hearing. T.T. 223. After the hearing was conducted, Petitioner was brought into court and the trial proceeded without protest or objection by Petitioner. T.T. 262-263. There is nothing in the record that suggests that Petitioner wished to be present at the hearing and/or that he was in some way prevented from doing so. To this extent, the Court rejects Petitioner's claim that he was improperly excluded from the hearing despite his desire to participate.

In any event, and perhaps most importantly, Petitioner has not demonstrated that his absence from the proceedings affected the

outcome of the hearing or of the trial. Aside from Petitioner's generalized allegations that his presence at the independent source hearing was crucial, he has not alleged, with any particularity, what difference his presence at the independent source hearing would or could have made in the result of the hearing or of his trial. Notably, Burnette was the sole witness at the independent source hearing, which Petitioner's counsel actively participated in on Petitioner's behalf. T.T. 223-256. Burnette also testified during the trial, and Petitioner was given the opportunity to cross-examine him at that time, which his attorney did at length. T.T. 306-332. To this extent, Petitioner has not demonstrated that his presence at the independent source hearing would have altered the jury's verdict.

Under the circumstances set forth above, Petitioner unequivocally fails to meet his burden in seeking a writ of habeas corpus with respect to claims one and three. Accordingly, claims one and three are dismissed in their entireties.

**2.   Ground Two is Meritless**

In ground two of the petition, Petitioner contends, as he did on direct appeal, that he received ineffective assistance of trial counsel because trial counsel failed to insist that Petitioner be present for the independent source hearing. See Pet. ¶ 22B; Resp.

at 4. The Fourth Department rejected this claim on the merits.[3] This claim is meritless.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

Petitioner contends that his counsel was ineffective for not insisting on his presence at the independent source hearing. Given the facts and circumstances of this case, it is likely that

---

[3] On direct appeal, Petitioner raised this claim as part of his claim that his presence at the independent source hearing was not validly waived.

Petitioner's absence from the independent source hearing was a coordinated strategy on behalf of counsel to avoid aiding Burnette in identifying Petitioner during the hearing.  This Court cannot find that counsel acted unreasonably by failing to secure Petitioner's presence at the hearing.

Moreover, Petitioner has not demonstrated that there is a reasonable probability that the outcome of either the hearing or the trial would have been different had counsel secured Petitioner's presence at the independent source hearing. Accordingly, the Court cannot find that the state court's adjudication of this claim contravened or unreasonably applied Strickland.  The claim is therefore dismissed in its entirety.

**V.   Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed.  In light of the dismissal of the habeas petition, Petitioner's two pending motions pursuant to Federal Rules of Civil Procedure Rules 7, 10, and 56 (Dkt. Nos. 11 and 14) are denied as moot. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and

therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   June 6, 2011
         Rochester, New York